UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                          Case No. 3:22-cr-124-1

vs.

JOSHUA A. HUGHES,                  District Judge Michael J. Newman

      Defendant.

_____

## ORDER DENYING DEFENDANT JOSHUA A. HUGHES'S MOTION TO REVOKE HIS DETENTION ORDER (Doc. No. 55)

_____

This case is before the Court for review of the pre-trial detention order that United States Magistrate Judge Peter B. Silvain, Jr. issued on August 16, 2022.  Doc. No. 13.  Defendant Joshua A. Hughes moved to revoke his detention pursuant to 18 U.S.C. § 3145(b).  Doc No. 55.  The Government filed a response opposing Defendant's motion.  Doc. No. 65.  The Court held a hearing regarding Defendant's motion on January 23, 2023.  Defendant and his counsel appeared, along with counsel for the Government and a U.S. Pretrial Services Officer.  At that hearing, the Court directed the U.S. Pretrial Services Officer to investigate the habitability of the home where Defendant could live if released.  On February 2, 2023, a Pretrial Services Officer provided the Court with a memorandum assessing those habitability questions.  Thus, Defendant's motion (Doc. No. 55) is ripe for review.

## I.      BACKGROUND

Defendant stands indicted, along with three other defendants, on many offenses including, as relevant here, conspiracy to possess with intent to distribute drugs in violation of 21 U.S.C. §

846 and maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1).  Doc. No. 29.

After Defendant's arrest in August 2022, the Government moved for pretrial detention, arguing that a rebuttable presumption of detention applies because there is probable cause to believe that Defendant committed an offense in violation of the Controlled Substances Act and is subject to ten or more years in prison.  Doc. No. 5, PageID 85; 18 U.S.C. § 3142(e)(3)(A).

The Pretrial Service Report found that while Defendant stated he completed a drug treatment program at Nova Behavioral Health one month before his arrest, he also reported using marijuana, Percocet, and heroin within a few days of his arrest in the instant case—after he completed the drug abuse treatment program.  Doc. No. 10, PageID 98.  The report also indicated that Defendant has a criminal record of charges including assault, aggravated menacing, and drug possession.  Moreover, an examination of his prior criminal cases reveals that he has been issued, according to the Court's calculation, twelve warrants for failure to appear.  *Id.* at PageID 98–99.

Defendant appeared before Judge Silvain for a detention hearing on August 16, 2022.  *See* Doc. No. 61.  At that hearing, the Government argued that Defendant would pose a danger to the community if released.  *Id.* at PageID 284.  Defendant's counsel requested that he be placed in a drug rehabilitation program.  *Id.* at PageID 285.  Judge Silvain reviewed Defendant's criminal history, acknowledged an underlying drug problem, and explained that there is no available lockdown facility in which Defendant could be detained.  *Id.* at PageID 285–87.  Judge Silvain was also concerned Defendant would be a risk to his children if he returned home and ultimately held that there were no conditions of release that would assure Defendant's appearance for court proceedings or community safety.  *Id.* at PageID 287–88.  For all these reasons, Judge Silvain ordered that Defendant be detained pending trial.  *Id.* at PageID 288.  Judge Silvain also issued a no-contact order between the co-defendants in the case.  Doc. No. 16.

Defendant now moves to revoke the detention order.  Doc. No. 55.  He argues that there

2

are conditions of release that would assure his appearance at trial and community safety and that "he has rebutted any detention presumption in this case." *Id.* at PageID 268.  He states that his family ties, including four minor children in the Dayton area, reduce his risk of flight; that his prior offenses were primarily misdemeanor and primarily substance-related; and that his Nova Behavioral Health program and current detention have helped him remain drug-free. *Id.*  The Government responded, "strongly oppos[ing]" the motion, stating that the 18 U.S.C. 3142(g) factors weigh against revoking the detention order, and arguing that no conditions of release would assure Defendant's appearance and community safety.  Doc No. 65, PageID 298.

At the January 23, 2023 hearing on his present motion, Defendant reiterated his request to be released on an own-recognizance bond with conditions that would assure his appearance in court and community safety, such as home confinement.  Counsel added that Defendant's children are in the custody of Child Protective Services, eliminating any concern about his proximity to them.  Defense counsel pointed out that the other defendants in this case were released pending trial.  The Government responded that Defendant is the most culpable of the defendants indicted in this case.  The Government also added that the evidence suggests the alleged drug trafficking occurred in front of Defendant's children, placing them in the presence of guns and drugs.

At the January 23, 2023 hearing, the Court requested that U.S. Pretrial Services investigate Defendant's potential address and produce a report on its condition.  The U.S. Pretrial Services Officer submitted her report to the Court on February 3, 2023.  Doc. No. 76.  The address Defendant provided is a friend's one-bedroom/one-bathroom apartment.  *Id.* at PageID 330. According to the report, the residence is well-kept and the friend is willing to host Defendant.  *Id.* The friend remodels homes, frequently stays at the homes he is remodeling, and opens his apartment to people in need.  *Id.*  Notably, he has, at times, up to ten people sleeping on cots in the living room.  *Id.*

3

The report also provided an update on Defendant's criminal history. *Id.* at PageID 331. As of the date of the updated report, Mr. Hughes has two active warrants: one in Kettering Municipal Court for Possession and Use of a Controlled Substance and one in Vandalia Municipal Court for Driving Under Suspension. *Id.* The automobile-related charges that were pending in Dayton Municipal Court as of the date of the original pretrial services report (Doc. No. 10, PageID 99) are now resolved. Doc. No. 76, PageID 331.

## II.     STANDARD OF REVIEW

A defendant may move to revoke or amend a detention order under 18 U.S.C. § 3145(b). A district judge must then review *de novo* a magistrate judge's detention order. *Id.; United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000); *United States v. Williams*, No. 2:20-cr-142, 2020 WL 6866404, at *2 (S.D. Ohio Nov. 23, 2020). "A *de novo* review requires the district court 'to give fresh consideration' to the issues before it." *United States v. Davis*, No. 2:19-cr-196, 2020 WL 1977219, at *2 (E.D. Tenn. Apr. 24, 2020) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)). A hearing on a § 3145(b) motion is not required.[1] *United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000); *Williams*, 2020 WL 6866404, at *2.

## III.     ANALYSIS

While the usual default position is that a person should be released pending trial, "[t]hat default is modified . . . for certain, particularly dangerous defendants." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

> "[I]t shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed [] an offense for which a maximum term of imprisonment of ten years

---

[1] This Court chose to hold a hearing in this case, despite the fact that it is not required, in order to fully explore Defendant's circumstances and contentions.

or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

18 U.S.C. § 3142(e)(3)(A). This presumption leaves a defendant with the burden to produce evidence that they do not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945. If a defendant presents some evidence to that effect, he or she has satisfied the burden of production and has rebutted the presumption, but the district court still considers the presumption as a factor when resolving whether Defendant must be detained pending trial. *Id.*; *see also United States v. Dillard*, No. 3:23-mj-00011, 2023 WL 313856, at *2 (S.D. Ohio Jan. 19, 2023).

When reviewing the magistrate judge's detention order, the district judge relies on the 18 U.S.C. § 3142(g) factors: "(1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *United States v. Webb*, No. 00-6368, 2000 WL 1721060, at *1–2 (6th Cir. Nov. 6, 2000). A Court will order a defendant detained upon finding that there are no conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "A judicial finding of either substantial danger to the community or risk of flight" is sufficient to detain a defendant. *Williams*, 2020 WL 6866404, at *2. "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

For the following reasons, the Court finds that the presumption of detention applies to Defendant and that, while he presented facts to rebut the presumption, the § 3142(g) factors favor keeping him detained pending trial.

### A. Rebuttable Presumption

Given Defendant's indictment, probable cause exists to conclude he violated two

5

provisions of the Controlled Substances Act: 21 U.S.C. §§ 846 and 856(a)(1).  Doc. No. 29; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (finding that an indictment "is sufficient to establish probable cause" that a defendant has committed one of the charged offenses); *see also Hinton*, 113 F. App'x at 77.  Both statutes provide for a maximum term of imprisonment of over ten years.  *See* 21 U.S.C. §§ 846 and 856(a)(1).  Therefore, either offense leaves Defendant facing the presumption of detention.  *See* 18 U.S.C. § 3142(e)(3)(A); *see also United States v. Tawfik*, 852 F. App'x 965, 965–66 (6th Cir. 2021).  Consequently, Defendant bears the burden to produce evidence showing he not a risk of flight nor a danger to the community, though the Government retains the burden of persuasion.  *Stone*, 608 F.3d at 945.

Defendant provided evidence that his children are in the Dayton area, there is a residence in which he could stay if released, and his months of sobriety.  Assuming, without finding, that Defendant has rebutted the presumption of detention, the presumption remains a consideration as the Court weighs the § 3142(g) factors to determine if Defendant should be released.  *See United States v. Bothra*, No. 19-1092, 2019 WL 8883547, at *1 (6th Cir. Mar. 28, 2019) (finding that the defendant rebutted the presumption in favor of detention by stating that he was not a flight risk because he and his family have lived in the community for decades).  *But see Hinton*, 113 F. App'x at 78 ("The presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it."); *Stone*, 608 F.3d at 945 ("[T]he presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. . . . To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'" (internal citations omitted)).

### B.  Nature and Circumstances of the Offense Charged

The first § 3142(g) factor weighs in favor of Defendant's continued detention.  It examines "the nature and circumstances of the offense charged, including whether the offense . . . involves

. . . a controlled substance[.]" 18 U.S.C.(g)(1).  As stated above, Defendant is charged with several serious offenses subject to long periods of imprisonment, including multiple offenses involving controlled substances.  Further, the Government contends that this Defendant is most culpable of the individuals charged in this case.  This counsels in favor of detention, particularly in light of the presumption.  *See United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *1 (6th Cir. Mar. 18, 2020) (upholding pre-trial detention after finding that the defendant led the criminal enterprise, faced up to twenty years in prison, and would likely have to pay a significant amount of restitution; all of which increased the defendant's incentive to flea); *United States v. Dixson*, No. 20-1998, 2021 WL 1502723, at *1 (6th Cir. Mar. 22, 2021) (upholding detention and agreeing with the district court that a ten-year term of incarceration "reflected the seriousness of the crime and 'increase[d] the likelihood of flight.'" (internal citations omitted)).

### C.  Weight of the Evidence

The next factor, "the weight of the evidence against the person," § 3142(g)(2), considers "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."  *Stone*, 608 F.3d at 948.  The Government testified that an undercover operation revealed drug trafficking activities for a significant period of time in the immediate presence of young children, potentially Defendant's children.  According to the Government, the investigation also revealed multiple firearms and a significant amount of fentanyl within the reach of the young children.  Defendant's drug trafficking charges, and his alleged willingness to put children at risk while conducting these activities, favors detention, particularly due to the presumption in favor of detention.  *See Tawfik*, 852 F. App'x at 966 (upholding the defendant's detention, "especially given the presumption in favor of detention," and noting that the defendant permitted a known dangerous individual to enter her home, thereby endangering her children).

### D.  Defendant's History and Characteristics

7

The next factor requires the Court to examine "the history and characteristics of the person[.]" 18 U.S.C. § 3142(g)(3); *see Bothra*, 2019 WL 8883547, at *2 (finding that the defendant's history and characteristics supported detention because the defendant had "the motive, means, and a place to flee[]"). Among the considerations are Defendant's family ties, community ties, past conduct, drug and alcohol abuse history, and criminal history. 18 U.S.C. § 3142(g)(3).

Defendant's family and community ties are complicated and do not weigh in favor of release: his children are currently in the custody of Child Protective Services; his significant other and her mother are both co-defendants in this case; and there is a no-contact order between the defendants in this case. Doc. No. 16. Turning to his mental health and substance use, Defendant struggles with anxiety, depression, and substance abuse. Doc. No. 10, PageID 97. While he participated in substance abuse treatment, his pretrial services report indicates that he continued to use illicit substances after completing treatment. *Id.* Defense counsel notes that Defendant has maintained sobriety for the last several months while detained, but that point suggests that continued detainment will help Defendant stay sober. Substance abuse issues and complicated family ties suggest both dangerousness and that Defendant is unlikely to appear. *Cf. Tawfik*, 852 F. App'x at 966 (stating that defendant's interactions with a bad actor "undermined her assertions that her local family would be a check on her risk of flight or dangerousness").

Turning next to Defendant's criminal history, a criminal record supports a finding a dangerousness but is not required. *Stone*, 608 F.3d at 950 (citing *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991)). Defendant has a long history of offenses, numerous failures to appear, and, as of February 3, 2023, two active warrants. Doc. No. 76, PageID 331. This provides the Court with little confidence that he would now appear for the instant charges. *See United States v. Moore*, No. 20-3497, 2020 WL 6580481, at *2 (6th Cir. July 8, 2020) (finding the defendant was likely a danger to the community and a flight risk due to "his multiple violations of supervised

8

release, propensity to reoffend, and prior failures to appear"); *Dixson*, 2021 WL 1502723, at *1 (finding the defendant's probation violations and uncooperative behavior with authorities suggested "he was unlikely to appear for future proceedings[]").

### E. Nature and Seriousness of Danger to the Community

The last factor, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release[,]" 18 U.S.C. § 3142(g)(4), weighs in favor of detention, especially in light of the presumption. *See United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001) ("The court may continue to give the presumption some weight by keeping in mind that Congress has determined 'that drug offenders pose a special risk of flight and dangerousness to society.'" (quoting *United States v. Hare*, 873 F.2d 796, 798–99 (5th Cir. 1989))). Defendant was arrested on drug trafficking charges, abused substances up until his arrest in the instant case, has only stayed sober while detained pending trial, and has an extensive criminal history. *Cf. United States v. Nero*, 854 F. App'x 14, 17 (6th Cir. 2021) (finding that there were no conditions that would assure community safety and the defendant's appearance in court because defendant had eight probation violations and committed six crimes while on supervision).

Defendant's proposed home (while awaiting trial) does not alleviate any of these concerns. *See* Doc. No. 76, PageID 330. Up to ten homeless individuals stay at the apartment at any given time, sleeping on cots in the living room. Meanwhile, Defendant's friend, who rents the apartment, is frequently away. This arrangement would provide no support or structure for Defendant. It could also have unpredictable consequences depending on who is staying in the apartment on any given day.

## IV.    CONCLUSION

For the aforementioned reasons, the Court finds that there are no conditions of release that would assure community safety and Defendant's appearance for court proceedings. *See* 18 U.S.C.

§ 3142(e)(1).  Thus, Defendant's motion (Doc. No. 55) is **DENIED** and Defendant must remain detained pending trial.

        **IT IS SO ORDERED.**

April 10, 2023                      s/Michael J. Newman
                                            Hon. Michael J. Newman
                                            United States District Judge